IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**MANETIRONY CLERVRAIN,**

      Plaintiff,

v.    CIVIL ACTION NO. 3:20-CV-78 (GROH)

**HERBERT C. HOOVER, ET AL.,**

      Defendants.

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On May 12, 2020, the *pro se* Plaintiff, filed the above-styled action petition pursuant to 42 U.S.C. § 1983, which authorizes suits against state employees in their individual capacities. ECF No. 1.[1]

### II.   FACTUAL AND PROCEDURAL HISTORY

Although Plaintiff's complaint verges on being illegible, it appears to assert the following claims for relief:

> Supplemental injustice for the Court consider his motions? [sic] On or about Feb[ruary] 2017, the plaintiff filed his complaint under [17-452] in Texas.
>
> Article II standing. This cases [sic] involved constraints against the defendants within the [illegible] for [illegible] which cause plaintiff injuries? [sic]
>
> De novo review for (IFP). The various counts alleged that the plaintiff violated section 1915(g) which plaintiff is asking for [illegible]. The (INA) is ambiguous. See, Motion for Supplemental Injustice Reversely affected [the (illegible)] and for related (illegible) for justification Act (illegible).

---

[1] All ECF number cited herein are in 3:20-CV-78, unless otherwise noted.

> Supplemental for compel[ling] the plaintiff ask the court to compel the agencies to provide resources to litigate the resentences while in custody of (ICE).

ECF No. 1 at 7 – 9. In his request for relief, Plaintiff asks the court to "certify this case under Article III, when he is injuring for amending all cases over [illegible]". Id. at 9.

Plaintiff filed two motions on August 11, 2020, for the "marshal service against unreasonable restrictions as by the National Educative Treaties Technology Act ('NETTA')" [ECF No. 9], and "for performance within reason(s) and evidence by invoking the ANT's Fear Liability Act ('TAFLA')" [ECF No. 10].

### III.  LEGAL STANDARD

Because plaintiff is a prisoner seeking redress from the Government, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

#### A.  Pro Se Litigants

Courts must read pro se allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325

(1989) (superseded by statute).  The Supreme Court in <u>Neitzke</u> recognized that:

> Section 1915(d)[2] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.  Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless." <u>Id.</u>

**B.     § 1983 Claims**

The Supreme Court has held that:

> Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws...." The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.

<u>Wyatt v. Cole</u>, 504 U.S. 158, 161 (1992) (citing <u>Carey v. Piphus</u>, 435 U.S. 247, 254–257 (1978).  In <u>Gomez v. Toledo</u>, 446 U.S. 635 (1980), the Supreme Court succinctly stated what a plaintiff must allege to sustain a civil rights action:

> By the plain terms of § 1983, two—and only two—allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has

---

[2] The version of 28 U.S.C. § 1915(d) which was effective when <u>Neitzke</u> was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

>deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law.

Gomez, 446 U.S. at 640.

## IV.  ANALYSIS

A review of the complaint conducted pursuant to 28 U.S.C. § 1915A(b), reveals that Plaintiff does not make a plausible claim in his complaint based on any cognizable legal authority and fails to present a claim upon which relief can be granted.

A § 1983 cause of action cannot be brought against an individual actor who is not a state employee or agent, and specific allegations must be brought against each named actor.  As the Supreme Court recognized in Gomez, only two things must be alleged in a § 1983 action, however, Plaintiff failed to assert either of those requirements.  Plaintiff failed to allege that some person deprived him of a federal right.  Further, Plaintiff failed to allege that the person who deprived him of that right acted under color of state or territorial law.

Although Plaintiff named a person as a defendant, Herbert C. Hoover, Mr. Hoover was the 33rd President of the United States, who last held office in 1933, and who has been deceased since 1964.  Moreover, Plaintiff's captioning of his complaint listed "Herbert C. Hoover et al" but failed to name any other defendant.[3]

Because "only those questions which are squarely presented to a court may properly be addressed," this Court may not construct Plaintiff's arguments for him. Weller v. Dep't of Soc. Servs. for City of Baltimore, 901 F.2d 387, 391 (4th Cir. 1990). Even when liberally construing Plaintiff's allegations, he fails to name any defendant

---

[3] Previously, Plaintiff filed a separate civil rights action in case number 3:20-CV-68, which named 105 governmental and non-governmental agencies as defendants.  That case was dismissed upon the filing of the instant case on the Court-approved form, which listed as defendants, "Herbert C. Hoover et al".  The Court notes that "et al." is a Latin abbreviation which means "and others", although Plaintiff did not identify any "others" as defendants in this action.

4

other than Herbert C. Hoover.

Further, in a § 1983 case, the Plaintiff must specify the acts taken by each defendant which violate his Constitutional rights. Wright v. Smith, 21 F.3d 496, 501 (2nd Cir. 1994); See Colburn v. Upper Darby Township, 838F.2d 663, 666 (3rd Cir. 1988) ("section 1983 claims [have] the additional pleading requirement that the 'complaint contain a modicum of factual specificity identifying the particular conduct of defendants that is alleged to have harmed the plaintiffs'").

Actions authorized under § 1983 are intended to "deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." Wyatt v. Cole, 504 U.S. at 161. Critically, complaints in § 1983 actions must allege that some person has deprived him of a federal right. Gomez, 446 U.S. at 640. Plaintiff has named only one individual defendant, Herbert C. Hoover. However, Plaintiff failed to allege that he suffered any physical injury as a result of the actions of Herbert C. Hoover. Accordingly, Plaintiff fails to state a claim upon which relief may be granted.

Further, Plaintiff has failed to comply with the Federal Rules of Civil Procedure requirement that only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555. Plaintiff's complaint fails to allege that any individual defendant took specific action which constitute the civil rights violations alleged by Plaintiff, or that Plaintiff suffered any physical injury. Moreover, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is *plausible* on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008), quoting Bell Atl. Corp. v. Twombly (emphasis added).

As noted above, because "only those questions which are squarely presented to a court may properly be addressed," this Court may not construct Plaintiff's arguments for him.  Weller, 901 F.2d at 391.  Even when liberally construing Plaintiff's allegations, he fails to assert any claims that the named defendant subjected, or caused him to be subjected, to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.

Plaintiff seeks relief which is unavailable or improper under § 1983, in that he has failed to assert a cognizable cause of action as to any claim against Herbert C. Hoover by alleging that Herbert C. Hoover was a State actor who violated any of Plaintiff's federal rights.  Further, in his grounds for relief, Plaintiff requests the Court "certify this case," but does not seek any monetary damages.  ECF No. 1 at 9.

Accordingly, because Plaintiff has failed to state a claim upon which relief can be granted pursuant to § 1983, this Court recommends that this matter be dismissed without prejudice.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE**, based on Plaintiff's failure to state a claim upon which relief can be granted.  It is further **RECOMMENDED** that Plaintiff's motions for marshal service against unreasonable restrictions [ECF No. 9], and for performance within reason(s) and evidence [ECF No. 10] be **TERMINATED** as **MOOT**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should

also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:   October 23, 2020

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE